**IN THE UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Randy Scott Arneson,

Debtor.

Case No. 26-50403 (WJF)
Chapter 13 Case

---

**AMERICAN NATIONAL BANK OF MINNESOTA'S RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM**

---

1. American National Bank of Minnesota ("**ANB**") submits this response to the Debtor's Objection ("**Objection**") [DOC 88] to ANB's amended proof of claim [Claim No. 4-4] filed in this case on July 21, 2026.

## FACTS[1]

2. Debtor and his non-debtor spouse, Kirstin Arneson ("**Kirstin**," and together with the Debtor, the "**Borrowers**"), are indebted to ANB for an obligation evidenced by that certain Promissory Note dated April 19, 2022, executed and delivered by Debtor and Kirstin to ANB in the original principal amount of $630,000.00 (the "**Note**"). The Borrowers' obligations to ANB under the Note are secured by that certain mortgage dated April 19, 2022 (the "**Original Mortgage**"), which encumbers real property located at 8684 Interlocken Road, Lake Shore, Minnesota 56468 (the "**Real Property**") The Original Mortgage was filed of record with the Office of the County Recorder in and for Cass County, Minnesota on April 25, 2022, as document number A000683644.

---

[1] 1. The relationship between Randy Scott Arneson ("**Debtor**") and American National Bank of Minnesota, as well as supporting documentation and additional background details is more fully set forth in the Declaration of Tonya Rabasco [DOC 92-1] and the Declaration of Loren Alexander filed herewith (the "**Declarations**"). All capitalized terms have the same meaning as those set forth in the Declaration.

3. The Original Mortgage was modified by that certain Corrective Mortgage dated June 23, 2022, which was filed of record with the Office of the County Recorder in and for Cass County, Minnesota on September 28, 2022, as document number A000688409 (the "**Corrective Mortgage**," and together with the Original Mortgage, the "**Mortgage**"). The Note and Mortgage are collectively referred to herein as the "**Loan Documents**."

4. The Mortgage contains a Due on Sale Clause that provides:

> **DUE ON SALE – CONSENT BY LENDER**. Lender may, at Lender's Option, declare immediately due and payable all sums secured by the Mortgage upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this options shall not be exercised by Lender if such exercise is prohibited by federal law or Minnesota law.

*See* Claim No. 4-4, Addendum, Exs. B and C.

5. On April 8, 2022, eleven (11) days before the April 19, 2022, closing on the loan, ANB delivered to the Debtor and Kirstin a loan estimate, which clearly disclosed the terms of the refinanced loan, and expressly stated that the Arnesons would be required to make monthly payments of $4,108.00 (which included escrowed amounts property taxes and homeowner's insurance) for six (6) years, and that there would be a balloon payment due in the amount of $576,851 which would be due at the end of year six. [Declaration of Loren Alexander ("**Alexander Decl.**") ¶ 6 and Ex. A.]

6. At no time did anyone at ANB promise the Borrowers that ANB would convert the ANB mortgage to a traditional 30-year mortgage. Further, no purported agreement with ANB for

such mortgage conversion would be enforceable unless it is signed by an authorized representative of ANB. No such agreement was ever executed. [Alexander Decl. ¶ 8.]

7. On October 7, 2025, the Borrowers transferred the Real Property to The View on Gull, LLC ("**The View On Gull**") by Quit Claim Deed, which was filed of record with the Office of the County Recorder in and for Cass County, Minnesota on October 7, 2025, as document number A000715326 (the "**Transfer**").

8. At the time of the Transfer, the Borrowers further encumbered the Real Property by granting a subordinate mortgage to Phare Investments, LLC, in the amount of $112,500, which was filed of record with the Office of the County Recorder in and for Cass County, Minnesota on October 7, 2025, as Document No. A000715327.

9. ANB had never heard of Phare Investments. [Alexander Decl. ¶ 10.] At no time did the Debtor, Kirstin Arneson, or anyone else advise ANB that the Arnesons had taken out a second mortgage on the Interlachen home with Phare Investments. *Id*.

10. Further, ANB was not aware that the Arnesons had transferred the Interlachen home to The View on Gull, LLC until February 2026, when ANB's counsel alerted ANB to the transfer after obtaining a title report on the Interlachen property in conjunction with sending another notice of default and preparing for foreclosure of the property. [Alexander Decl., ¶ 11.] At no time did the Arnesons advise ANB that they had transferred the home to The View on Gull, LLC. *Id*. Finally, the Debtor has offered no evidence that he provided notice to ANB of the Transfer.

11. The Debtor's August 6, 2026 Declaration [DOC 82] falsely states that ANB was aware of the second mortgage and of the Arneson's transfer of the Interlachen home to the LLC. [Alexander Decl. ¶ 12.]

12. The Transfer triggered the Due on Sale Clause contained in the Mortgage, and ANB exercised its contractual right to declare immediately due and payable al sums secured by the Mortgage. [Alexander Decl. ¶ 14.]

13. The Transfer, coupled with the Borrowers' continuing monetary defaults under the Loan Documents caused ANB to commence foreclosure of the Mortgage.

14. On February 18, 2026, ANB, through its counsel, sent the Borrowers a written notice of default ("**Notice of Default**") under the Loan Documents, which specifically identified both payment defaults and the default caused by the Transfer that triggered the Due on Sale Clause, and notified the Borrowers that the entire loan balance was immediately due and owing. [Declaration of Cynthia L. Hegarty, Ex. A.]

15. Because the Borrowers failed to cure the defaults, ANB commenced foreclosure and scheduled a sheriff's sale for May 27, 2026, which was stayed by the Debtor's filing of the instant chapter 13 case the day immediately before the scheduled sale.

16. As of the May 26, 2026 Petition Date, the Borrowers were indebted to ANB in the amount of $673,611.31 (the "**Indebtedness**"). *See* Proof of Claim No. 4-4.

17. As a result of ANB's prepetition acceleration of the amounts due under the Note and Mortgage, the Mortgage Arrearage is the full value of the Indebtedness of $673,611.31 (the "**Mortgage Arrearage**").

18. Prior to acceleration of mortgage, the Debtor's monthly mortgage payment was $5,510.00.

19. The Mortgage maturity date is June 25, 2027.

20. The View on Gull took the Real Property subject to ANB's Mortgage.

**ARGUMENT**

21. ANB properly treats the entire outstanding loan balance as presently due and required to cure the prepetition Mortgage arrearage.

22. This was specifically disclosed to the Borrowers in the February 18, 2026 Notice of Default, and was due to ANB having accelerated the entire loan balance when it first discovered that the Borrowers had transferred the Real Property to The View on Gull, LLC in violation of the Loan Documents and triggering the Due on Sale Clause.

23. The Debtor's sole arguments in his Objection is that no third-party sale occurred and that the Debtor continues to own the Real Property [Objection, DOC 88-1, ¶¶ 7, 8.]

24. The Due on Sale Clause, on its face, is not invoked *only* if there is an arm's-length sale of the bank's collateral, *but also* if there is a transfer of the bank's collateral, as occurred here.

25. A "transfer" is defined as, inter alia, "each mode, direct or indirect, absolute or unconditional, voluntary or involuntary, of disposing of or parting with (i) property; or (ii) an interest in property. 11 U.S.C. § 101 (54(D)).

26. The Cass County real property records reveal that on October 7, 2025, the Debtor and Kirstin divested themselves of ownership of the Real Property, and transferred fee title to the Real Property to The View on Gull, LLC. The Real Property is no longer owned by the Borrowers, but by a separate legal entity.

27. Further, as soon as ANB learned, in February 2026, that the Real Property had been transferred, it immediately sent the Notice of Default and notified the Borrowers that the loan and been accelerated as a result of the Transfer. At no time prior to the Objection did the Debtor or Kirstin object to the Notice of Default or to ANB's acceleration of the loan balance under the Due on Sale Clause.

28. The Debtor's further objection to ANB's Proof of Claim on the basis that it does not identify the value of the Real Property, and does not supply a breakdown of principal, accrued interest, fees, expenses, and the actual prepetition arrearage, is mooted by a review of Claim 4-4 itself, which is comprised of (a) Official Form 410, which at section 9 expressly states that the amount necessary to cure any default as of the date of the petition is $673,611.31, which is consistent with the express language of the Notice of Default sent to the Borrowers in February 2026, (b) the Mortgage Proof of Claim Attachment (Form 410A), which breaks down the arrearage due on the date of the petition as $618,174.79 in principal, $30,563.72 in interest, $11,057.54 in prepetition legal fees, and a $13,815.26 escrow deficiency, and includes a complete loan history from the first date of default, on June 5, 2022 (less than two months after the loan was made) through the Petition Date, and (c) the Addendum to the Proof of Claim of American National Bank of Minnesota, which attaches each of the loan documents. *See* Claim 4-4.

29. ANB's prepetition acceleration of the loan balance was proper and in accordance with the express terms of the Mortgage executed by the Debtor and Kirstin Arneson. Thus, the Debtor's Objection to ANB's proof of claim must be denied.

Dated: September 8, 2026

**WINTHROP & WEINSTINE, P.A.**

By: *_/s/ Cynthia L. Hegarty_*
Cynthia L. Hegarty (#0294627)
225 South Sixth Street, Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400
chegarty@winthrop.com

***Attorneys for American National Bank of Minnesota***